BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for writ of habeas corpus. Petitioner alleges that he was denied procedural due process in a prison disciplinary proceeding which resulted in his confinement in disciplinary segregation and an increase in custody classification.
I
Petitioner’s first contention is that there was no substantial evidence offered to support the charge.
*269 The record supports the finding of the prison disciplinary board. In order to satisfy due process the decision of a prison disciplinary board must not be arbitrarily or capriciously made but must be “based upon substantial evidence.” Barker v. State, 437 So.2d 1375, 1377 (Ala.Cr. App.1983); Washington v. State, 405 So.2d 62, 64 (Ala.Cr.App.1981). “ ‘A disciplinary proceeding is not a criminal trial, and the traditional criminal standard of proof beyond a reasonable doubt is not necessary to support a finding of a rule infraction.’ ” Barker v. State, supra. In order to determine whether or not the disciplinary board’s decision was “based upon substantial evidence” the reviewing court should be supplied with a “ ‘written statement by the factfinders [the disciplinary board] as to the evidence relied on and reasons’ for the disciplinary action.” Washington v. State, supra; Wolff v. McDonnell, 418 U.S. 539, 559, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974). “ ‘[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. * * * The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.’ ” Thompson v. State, 504 So.2d 747, 748 (Ala.Cr.App. 1987) (quoting Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985)).
II
Petitioner stated that he is “legally blind” and that an officer took his “visual aids” (“sunglasses, telescope, hand magnifier”) from him when he was transferred to the St. Clair Correctional Facility, thereby preventing him from preparing his administrative appeal. Petitioner also alleges that he requested "some assistance or help from a member of the staff” but “was denied the help in [his] disciplinary action.”
“It is now established beyond doubt that prisoners have a constitutional right of access to the courts.” Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); McCray v. Bennett, 467 F.Supp. 187, 196 (M.D.Ala.1978). “Correctional officials may not obstruct or unreasonably restrict prisoners in their efforts to obtain judicial relief.” McCray v. Bennett, supra. Prison authorities are required “to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.” Bounds v. Smith, 430 U.S. at 828, 97 S.Ct. at 1498.
Since the petitioner was “legally blind” he could not utilize the law library materials without his visual aids. Therefore, the denial of the use of his visual aids and the denial of assistance in his disciplinary action was a violation of the petitioner’s fundamental constitutional rights. However, the trial court found that “since the filing of the Petition for Writ of Habe-as Corpus, that the Defendant’s Appeal was allowed and subsequent thereto dismissed.”
III
Finally, petitioner contends that he was denied the right to a fair and impartial hearing.
“Paragraph 4d(6)(b), Administration Regulation 403 of the State Department of Corrections, provides:
“ ‘(b) The disciplinary board must be impartial meaning that a board member must not be the arresting officer, witness to the actual incident, the investigating officer, a party to the incident, the victim of the incident, or an official who has approval authority over the disciplinary.’ ” Williams v. State, 461 So.2d 1335, 1338 (Ala.Cr.App.), cert. denied, 461 So.2d 1339 (Ala.1984).
From the record it appears that Warden Berry was directly and personally involved with the events in question as an investigating officer. The documentary evidence admitted at the hearing on the habeas corpus petition directly contradicte the petitioner’s testimony and shows that the Warden was neither the chairman nor a member of the disciplinary committee. Therefore, the petitioner did not carry his *270 burden in proving that he was denied the right to a fair and impartial hearing. See Williams v. State, supra; Vick v. State, 448 So.2d 474 (Ala.Cr.App.1984).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.