609 A.2d 880

**Hiram R. JOHNSTON, Jr., Petitioner,**

**v.**

**Joseph LEHMAN, Secretary of Corrections, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 1992.

Decided May 14, 1992.

Hiram R. Johnston, Jr., pro se.

M. James Matthews, Asst. Counsel, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

Hiram R. Johnston, petitioner in this action, is an inmate presently in the custody of the Department of Corrections (DOC). At the time this case was brought, Johnston was housed in a Restrictive Housing Unit (RHU) at the State Correctional Institution (SCI), Dallas.[1]

In this case in our original jurisdiction, Johnston alleges that various policies established by the DOC violate his constitutional right of access to the courts, as established by *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and its progeny. Johnston's allegations can be grouped into three categories: denial of adequate access to legal materials and/or trained legal assistance; denial of access to non-legal items, such as a typewriter, photocopier and a lamp, which Johnston alleges are necessary in order to allow him to pursue his pending cases; and DOC's alleged retaliatory actions against Johnston.

In support of his principal allegation that the "book paging system"[2] utilized by DOC for access to legal materials is impermissible, Johnston cites *Tillery v. Owens*, 719 F.Supp. 1256, 1284–86 (W.D.Pa.1989), *aff'd* (without discussion of this issue), 907 F.2d 418 (3rd Cir.1990).

In response, DOC has filed preliminary objections which demur to the complaint by raising the legal efficacy of a consent decree. DOC further argues that Johnston has failed to present a claim on which relief can be granted because he has no clear legal right which is entitled to enforcement with

---

1. Johnston alleges, via "New Matter" in his brief, that on November 13, 1991, he was transferred to SCI–Frackville in retaliation for exercising his right to seek legal redress. Because new facts may not be raised in briefs, we will not address this claim.

2. This system allows inmates in RHU to order up to three books from the law library up to twice a week. The books are then delivered to the inmate, when available. The system also provides a limited case citation and verification service, which is performed by staff as time permits. Johnston alleges that due to staff limitations and the number of requests, delays of several weeks are common.

102

respect to several of his requests. We shall consider the preliminary objections separately.

## THE "CORE" *BOUNDS* ISSUE

 The role of this court in ruling on preliminary objections in the nature of a demurrer is to determine whether or not the facts pleaded are legally sufficient to permit the action to continue. *Cooley v. East Norriton Township,* 78 Pa.Commonwealth Ct. 11, 466 A.2d 765 (1983). It is well settled, however, that a demurrer cannot be a "speaking demurrer" and cannot be used to supply a fact missing in the complaint. *Hall v. Goodman Co.,* 310 Pa.Superior Ct. 465, 456 A.2d 1029 (1983); *Department of Justice v. Knox,* 29 Pa. Commonwealth Ct. 302, 307, n. 4, 370 A.2d 1238, 1239, n. 4 (1977).

 In the present case, Johnston has alleged facts which, if proven, would be sufficient to establish a cause of action under *Bounds* and its progeny. In its demurrer, DOC raises the defense that its policies are consistent with the terms of a consent decree entered in 1978 in the U.S. District Court for the Eastern District of Pennsylvania.[3] DOC has included a copy of the consent decree as Appendix A of its brief in support of preliminary objections.

 Because the court in ruling on a preliminary objection in the nature of a demurrer is limited to consideration of facts set forth in the petition, which makes no mention of the consent decree, it would be inappropriate for this court to consider the possible effect of that decree at this time. *See Beckett v. Bureau of Corrections,* 64 Pa.Commonwealth Ct. 157, 440 A.2d 649 (1982). We further note that while the pendency of a prior action may be properly raised as a preliminary objection, *Virginia Mansions Association v. Lampl,* 380 Pa.Superior Ct. 452, 552 A.2d 275 (1988), the *res judicata* effect of such a prior action may not be. *Button v. Button,* 378 Pa.Superior Ct. 142, 548 A.2d 316 (1988).

**3.** *ICU v. Shapp,* Civil Action Nos. 70–3054, 71–0513, 71–1006, 70–2545, entered May 22, 1978, and subsequently modified.

Accordingly, DOC's preliminary objection in the nature of a demurrer is overruled.

## THE "PERIPHERAL" *BOUNDS* CLAIMS

Johnston's remaining claims regarding denial of a lamp, typewriter, and access to a photocopier, do not involve denial of "direct" access to legal materials or to the courts, but may properly be construed as denial of materials or services peripheral to that access. Several courts have considered whether such peripheral claims can constitute denial of the right of access to the courts. *See, e.g., Dugar v. Coughlin,* 613 F.Supp. 849 (S.D.N.Y.1985) (failure to provide copy machine in law library did not deny access where prisoners could submit documents to staff for copying at 10 cents each); *Perry v. State,* 511 So.2d 268 (Ala.Cr.App.1987) (right of access denied where prison authorities confiscated sunglasses, telescope, and hand magnifier from inmate who was legally blind); *Nowlin v. Scurr,* 331 N.W.2d 394 (Iowa 1983) (right of access does not require that state furnish inmates with paper clips, typewriter, or free or unlimited access to photocopying machine).

DOC itself cites a case holding that "[a]llowing inmates to pay for and receive photocopies of legal materials required by the court is part of the [inmate's] meaningful access to the courts." *Johnson v. Parke,* 642 F.2d 377, 380 (10th Cir.1981). DOC argues that there is no requirement that the payment for photocopy services should be nominal or less than the prevailing rate, nor is there any prohibition in sending out inmate needs for photocopy services. Johnston, however, alleges that in order to obtain photocopying service from the outside, he must first clear a request for a check through the institution, which checks are processed only twice a month.

While we agree that Johnston's claims *may* be actionable, we have previously held that where a claim implicates the "core" *Bounds* issue of denial of access to the courts, " 'an actual injury necessarily occurs by virtue of a prison's failure to provide the level of assistance required under *Bounds.*' " *Shoats v. Department of Corrections,* 139 Pa.Commonwealth

Ct. 607, 591 A.2d 326 (1991) (citing *Peterkin v. Jeffes*, 855 F.2d 1021 (3rd Cir.1988)). Where, however, the claim only tangentially involves access, it has been held that the prisoner must allege an actual injury in order for the claim to be actionable. *Sands v. Lewis*, 886 F.2d 1166 (9th Cir.1989); *accord Peterkin*, 855 F.2d at 1039–42.

Johnston has not alleged that his lack of photocopy services or a lamp have caused an actual injury in his litigation efforts. Therefore, we must sustain DOC's preliminary objection and dismiss these claims without prejudice.

Johnston does allege that U.S. Supreme Court Rule 34 requires petitions for a writ of certiorari to that court to be typewritten, and that his lack of a typewriter has forced him to file a handwritten petition to the Supreme Court. We believe that this allegation, if true, would, in combination with denied use of a typewriter, be sufficient to establish an "actual injury."

Normally, all well pled material, factual averments and inferences, fairly deducible therefrom, must be accepted as true for the purpose of ruling on preliminary objections. *Wells v. Pittsburgh Board of Public Education*, 31 Pa.Commonwealth Ct. 1, 374 A.2d 1009 (1977). The same, however, is not true of conclusions of law and unjustified inferences. *Id.* Whether Johnston has pled a cause of action here depends on whether the United States Supreme Court Rules in fact require that petitions be typewritten. Although the use of judicial notice at the pleading stage should be severely limited, we believe that we can properly take notice of the Supreme Court Rules in this case. *See Clouser v. Shamokin Packing Co.*, 240 Pa.Superior Ct. 268, 275–76, 361 A.2d 836, 840–41 (1976).

United States Supreme Court Rule 34.1 requires that documents be typewritten, *subject to Rule 39.3.* Rule 39.3, which deals with *in forma pauperis* proceedings, states that:

Every paper or document presented under this Rule must be clearly legible and, whenever possible, must comply with Rule 34. While making due allowance for any case present-

ed under this Rule by a person appearing *pro se*, the Clerk will refuse to receive any document sought to be filed that does not comply with the substance of these Rules, or when it appears that the document is obviously and jurisdictionally out of time.

It is clear, therefore, that contrary to Johnston's allegation, the Supreme Court does *not* require that all documents be typewritten. Because Johnston has not shown an "actual injury" due to a lack of a typewriter, we will sustain DOC's preliminary objection and dismiss this claim without prejudice.

## RETALIATORY ACTIONS

Finally, Johnston alleges that DOC has retaliated against him for filing this and other lawsuits by (1) relocating him on August 1, 1991, to a cell block in which the lighting was controlled by prison officials, and in which Johnston was not allowed use of a high-intensity light to conduct his legal work at night; and (2) changing the policy of providing legal materials to inmates in RHU to prohibit receipt of law books entirely, and restricting materials available to such inmates to photocopies of specifically requested statutes, codes, cases, etc.

We find no response from DOC to Johnston's allegations of retaliation. While cognizant of the fact that decisions of prison officials regarding place and conditions of confinement are largely discretionary, we also recognize that a prisoner may properly state a claim under 42 U.S.C. § 1983, if such a discretionary decision was made by reason of a prisoner's exercise of his constitutional rights. *See McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir.1979) and numerous cases cited therein. We note, however, that Johnston shoulders a "substantial burden in attempting to prove that the actual motivating factor for [DOC's action] was as he alleges." *Id.* Indeed, Johnston must prove that these actions would not have occurred "but for" the alleged reason—his exercise of his right to access to the courts. *Id.* (citing *Mount Healthy City School Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). Moreover, as stated in *McDonald*, the

requirement of a "but for" showing together with the wide latitude afforded prison officials in ordering transfers may make summary judgment particularly appropriate. Accordingly, we will overrule DOC's preliminary objection in the nature of a demurrer with respect to Johnston's claim of retaliation.

## CONCLUSION

We therefore overrule DOC's preliminary objections in the nature of a demurrer with respect to the "core" *Bounds* issue of denial of access to the courts and DOC's alleged retaliatory actions. We will sustain DOC's preliminary objection in the nature of a demurrer to the "peripheral" claims and will dismiss these claims without prejudice to raise these claims in a separate action.

## ORDER

NOW, this 14th day of May, 1992, respondent's preliminary objection in the nature of a demurrer is sustained as to petitioner's peripheral claims, and such claims are dismissed without prejudice to raise these claims in a separate action. Respondent's preliminary objections in the nature of a demurrer as to petitioner's remaining claims are overruled.

Respondent is directed to file an answer within thirty (30) days from the date of this order.