Mark D. **KISNER**, Petitioner,

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, CENTRAL OFFICE OF REVIEW COMMITTEE,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted Aug. 16, 1996.

Decided Sept. 30, 1996.

Reconsideration Denied Oct. 29, 1996.

---

**354**

Mark D. Kisner, pro se, Petitioner.

Jill C. Fluck, Assistant Counsel, for Respondent.

Before McGINLEY and LEADBETTER, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Presently before this Court are the preliminary objections of the Department of Corrections, Central Office Review Committee (CORC) to the complaint in mandamus of Mark D. Kisner (Kisner) filed in our original jurisdiction.

Kisner is currently incarcerated in the State Correctional Institution at Greensburg (SCI–Greensburg) where he is serving a sentence of not less than seven years nor more than fifteen years as the result of his conviction of the offense of arson. On November 4, 1995, Kisner filed a grievance asserting that he was denied acceptance into the sex-offender program and effectively denied parole. Grievance Coordinator Angie Marhefka (Marhefka) denied Kisner's claim, concluding:

> Dr. Gettle informs me that you are second on the waiting list to be evaluated for admissionto the group when a slot becomes available.
>
> No decision has been made to not accept you.
>
> You state that you have been twice not recommended for parole by this institution because of your failure to participate in Sex Offender Therapy. While your failure to participate in recommended therapy was noted at least once (1994), the primary reason for not recommending you was the fact that you had acquired four (4) misconducts. The fact is that the institution recommended you for parole for your last review.
>
> It is true that there has been some discussion about the Parole Board's requirement that you participate in Sex Offender Therapy, in light that you have not been convicted of a sex-related crime, at least on first glance. You are probably aware that some psychologists (especially Freudians) view arson as often having underlying dynamics which are rooted in sexual pathology. This may well be part of the reason behind the Board's position on your need for sex therapy. During your evaluation, Dr. Gettle will assess your need for participation in the Sex Offender Program.
>
> You should be aware that we will not place you in therapy just to satisfy the Parole Board's requirements. If Dr. Gettle feels that you are not appropriate for the program, and do not need this type of therapy, you will not be admitted. We will notify the Board of our action and rationale, however, we have no control over the Parole Board's actions or requirements.
>
> I find there has been no violation of any policy or procedure by staff in the handling of your case. While I certainly understand your frustrations over not being paroled, the factors contributing to this problem are a result of the seriousness of your offense, and in a less than exemplary institutional adjustment, not because of any actions by staff.

Official Inmate Grievance, December 5, 1995, at 1.

On March 3, 1996, Kisner filed a petition for review in the nature of a complaint in mandamus in this Court's original jurisdiction seeking review of CORC's denial of his grievance. Kisner's complaint raises the following allegations in pertinent part:

### V. OBJECTIONS

10. Petitioner objects to the repondents [sic] decisions and denial of petitioner's grievance for cause:

A) The respondents have been aware of the petitioners [sic] circumstances with regard to the Pennsylvania Board of Probation and Parole (PBPP) requirement that the petitioner participate in sex-offender treatment, since December 1993.

B) The respondents are also aware that the eligibility criteria (i.e. "Must be convicted of a sex offense") for participation in the sex-offender treatment program, deem the petitioner ineligible for such treatment.

C) The respondents have maliciously and capriciously withheld information and mis-stated facts to the PBPP regarding the petitioner's case, specifically:

(i) In the three years since the PBPP's requirement that the petitioner participate in sex offender treatment, the respondents have failed to inform the PBPP that the petitioner is ineligible for this type of treatment, due to lack of a conviction or even an arrest for sex related crime.

(ii) The respondents, for over three years have denied the petitioner entry to the sex-offender treatment program for reason other than petitioner's ineligibility due to lack of a conviction ar [sic] arrest for a sex related crime (i.e. "Prison overcrowding, no room in the one therapy group offered at SCIGb") and have informed the PBPP that it was the *petitioner* who failed to participate in treatment, thereby intentionally prejudicing any consideration by the PBPP.

Petition for Review, March 3, 1996, at 3–5. (Emphasis in original).

Thereafter, CORC filed the preliminary objections now before us. CORC contends that Kisner's complaint must be dismissed because: (1) this Court lacks jurisdiction to review CORC's decision because CORC is not an administrative agency; and (2) Kisner failed to state a claim upon which relief can be granted.[1]

▉ Section 761 of the Judicial Code, 42 Pa.C.S. § 761, confers upon this Court original jurisdiction over actions "[a]gainst the Commonwealth government, including any officer thereof." In *Opie v. Glascow, Inc.,* 30 Pa.Cmwlth. 555, 375 A.2d 396 (1977), this Court defined the term "officer," for jurisdictional purposes, as "those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Id.* 375 A.2d at 398.

Section IV(D) of the Department of Corrections Policy Statement No. DC–ADM 804, entitled Consolidated Inmate Grievance Review System (Inmate Review System), defines CORC as "[a] committee of at least three (3) Central Office staff appointed by the Commissioner of Corrections to include the Commissioner, Executive Deputy Commissioner and Chief Counsel or their designees." Section IV(D) goes on to state that "CORC shall have responsibility for direct review of *all* Inmate Appeals for Final Review." (Emphasis added). It is clear from these definitions that CORC functions on a state-wide level. The question we must address is whether CORC's state-wide functions include policymaking.

Webster's Third New International Dictionary defines policy as "a definite course or method of action selected (as by government, institution, group, or individual) from among alternatives and in light of given conditions to guide and determine present and future decisions." Webster's Third New International Dictionary 1754 (1986). Section II of Policy Statement No. DC–ADM 804 states that it is the purpose of the Inmate Review System to "establish policy and ensure that inmates have an avenue through which reso-

---

1. We have foregone the sequence of CORC's ar- guments.

lution of specific problems can be sought." As the final level of review in the Inmate Review System CORC's decisions guide and determine present and future resolution of inmate grievances. In short, CORC's decisions determine policy.

Accordingly, we conclude that CORC performs state-wide policymaking functions, ergo, its decisions are subject to review in this Court's original jurisdiction.

 We now consider CORC's allegation that Kisner failed to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted in mandamus, a petitioner must show a clear legal right to the relief sought and a corresponding duty on the part of the respondent. *Francis v. Corleto*, 418 Pa. 417, 211 A.2d 503 (1965). In the present matter, Kisner has failed to meet this burden.

 Kisner alleges that CORC denied him participation in a sex offender treatment program and that as a result he has been denied parole. We agree that a prisoner is in a "catch 22" situation, and a cause of action would arise, where the Board of Probation and Parole insists on participation in a sex offender treatment program as a pre-requisite to parole, and CORC denies the prisoner admittance to the program.

As noted above, Kisner does allege that CORC failed to admit him into the sex offender treatment program. However, the record reflects that Kisner has not been de-nied admission into the sex offender treatment program. In her letter denying Kisner's grievance Marhefka noted "Dr. Gettle informs me that you are second on the waiting list to be evaluated for admission to the group when a slot becomes available. No decision has been made to not accept you." Official Inmate Grievance at 1.

Kisner has failed to state a claim upon which relief can be granted because he has not been denied admittance into the sex offender treatment program. Accordingly, the complaint is dismissed.

### ORDER

AND NOW, this 30th day of September, 1996, the Department of Corrections, Central Office Review Committee's (CORC) preliminary objection for lack of jurisdiction is denied. CORC's preliminary objection for failure to state a claim upon which relief can be granted is sustained insofar as it is based on the fact that Mark D. Kisner has not been denied admission to the sex offender treatment program. The remaining claims of CORC's preliminary objection are denied. The above-captioned complaint is dismissed.