721 A.2d 357

**Purcell BRONSON, Appellant,**

v.

**CENTRAL OFFICE REVIEW COMMITTEE, Appellee.**

Supreme Court of Pennsylvania.

Submitted May 27, 1998.

Decided Dec. 22, 1998.

318

Purcell Bronson, Pro Se.

William E. Fairall, Jr., Camp Hill, for Dept. of Corrections.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

We granted allocatur in this case to address a question of first impression and resolve conflicting decisions of the lower courts. The question is whether the commonwealth court has jurisdiction over inmate appeals of decisions of the Central Office Review Committee (C.O.R.C.), under either 42 Pa.C.S. § 761 (original jurisdiction) or 42 Pa.C.S § 763 (appellate jurisdiction).[1] Appellee, the C.O.R.C., is an administrative body comprised of three members of the Department of Corrections central office staff, "to include the Commissioner, Executive Deputy Commissioner and Chief Counsel or their designees." DC–ADM 804 IV. D. With certain exceptions not pertinent here, the C.O.R.C. is responsible for "direct review of all Inmate Appeals for Final Review."[2] *Id.* Appel-

1. 42 Pa.C.S. § 761(a)(1) states, in pertinent part that, "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth Government, including any officer thereof, acting in his official capacity...." 42 Pa.C.S § 763(a) provides that, with certain exceptions not pertinent here, "the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies."

2. At the time that this claim arose, procedures for pursuing grievances were outlined in DC–ADM 804 VI, which provides that grievances shall first be submitted in writing for initial review by a grievance coordinator who determines the legitimacy of the grievance. Inmates may appeal decisions of the grievance coordinator's initial review to the Facility Manager or Community Corrections Regional Director who

lant, Purcell Bronson, is an inmate currently in the custody of the Pennsylvania Department of Corrections who seeks appellate review of the C.O.R.C.'s decision denying his inmate grievances.

Appellant filed two separate grievances with C.O.R.C. seeking reimbursement for what he claimed was erroneously seized and destroyed personal property.[3] The C.O.R.C. denied both grievances. Appellant then filed a petition for review with the commonwealth court, ostensibly addressed to the court's original jurisdiction, 42 Pa.C.S. § 761, seeking compensation for the confiscated property. The court, construing appellant's petition for review as an attempt to appeal C.O.R.C.'s denial of his grievances, docketed the case under its appellate jurisdiction, 42 Pa.C.S § 763. Relying upon *Ricketts v. C.O.R.C.*, 125 Pa.Cmwlth. 670, 557 A.2d 1180 (Pa.Cmwlth. 1989), the court then dismissed the petition.

In *Ricketts,* an inmate dissatisfied with the ultimate decision reached by the C.O.R.C. (made in accordance with procedures provided by BC–ADM 101, a directive of the then Bureau of Corrections, forerunner of the present Department of Corrections) filed an appeal in the commonwealth court's appellate jurisdiction seeking review of the C.O.R.C.'s decision. The court, relying on *Robson v. Biester,* 53 Pa.Cmwlth. 587, 420 A.2d 9 (Pa.Cmwlth.1980), rejected appellant's contention that a decision of the C.O.R.C. is a final adjudication by a government agency within the court's appellate jurisdiction. *Ricketts,* 557 A.2d at 1182. The court analyzed the function of the C.O.R.C. and determined that, unlike government agencies such as parole boards that preside over the fate of those granted early release and enjoying a protected liberty interest, the C.O.R.C. is an internal administrative tribunal that

must notify the inmate of any decision within ten days. Final review may then be had from C.O.R.C. DC–ADM 804 VI. The C.O.R.C. has since been replaced by a Chief Hearing Examiner who now performs all the functions previously performed by the C.O.R.C. DC–ADM 804–2, issued November 1, 1997.

3. Although appellant never specified what property was seized, the briefs seem to indicate that the property in question was apparently one or more articles of civilian clothing.

reviews the grievances and disciplinary sentences of those already confined. *Id.* at 1182. The court refused to elevate the C.O.R.C. to the status of a government agency whose final decisions are appealable and quashed the appeal. *Id.*

As we have observed, the commonwealth court has held that the C.O.R.C. is an administrative body whose functions are purely internal to the Department of Corrections and does not function on the level of a government agency. *See Ricketts, supra; Edmunson v. Horn,* 694 A.2d 1179 (Pa. Cmwlth.1997). The court has also held that internal prison operations are more properly left to the legislative and executive branches, and that prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference. *See Robson, supra* at 12 (citing *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). We agree. Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the "full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding...." *Robson, supra* at 12 (citing *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). Therefore, the commonwealth court does not have appellate jurisdiction, under 42 Pa.C.S § 763, over inmate appeals of decisions by intra-prison disciplinary tribunals.

Since the commonwealth court does not have appellate jurisdiction in this case, appellant's only other route to the court would be via its original jurisdiction, 42 Pa.C.S. § 761. This, in fact, is the route he has chosen, relying on *Kisner v. Pa. Dept. of Corrections,* 683 A.2d 353 (Pa.Cmwlth.1996), and *Holloway v. Lehman,* 671 A.2d 1179 (Pa.Cmwlth.1996).

In *Kisner,* an inmate filed a grievance seeking admission into a sex-offender program claiming that he was being denied

parole because of his failure to participate in such a program, and that this failure was a result of the denial of his request for acceptance into the program. *Kisner*, 683 A.2d at 354. The C.O.R.C. denied the grievance and the inmate filed a complaint in mandamus in the court's original jurisdiction to compel the C.O.R.C. to admit him to the program. *Id.* at 355. The C.O.R.C. filed preliminary objections claiming, *inter alia*, that the court lacked jurisdiction to review the decision because it is not an officer of the commonwealth government for the purposes of 42 Pa.C.S. § 761.

The *Kisner* court observed that "the term 'officer,' for jurisdictional purposes, [had been defined] as those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Kisner* at 355 (internal quotes omitted). The court determined that the C.O.R.C. performed these functions and that its decisions were subject to review in the court's original jurisdiction, but dismissed the complaint on other grounds. *Id.*

In *Holloway*, several inmates were issued misconducts for the destruction of prison property. *Holloway*, 671 A.2d at 1180. Without a hearing, the business offices of the respective institutions directed that damages, which had been administratively calculated for each inmate, were to be deducted from the inmates' prison accounts. *Id.* at 1180. The inmates filed complaints seeking declaratory, mandamus and equitable relief in the commonwealth court's original jurisdiction. *Id.* The inmates were not seeking a review of the misconduct determinations. *Id.* The respondents, various prison officials, filed preliminary objections asserting, *inter alia*, that the court lacked jurisdiction. *Id.* at 1181. The court concluded that it had original jurisdiction. *Id.*

While appellant has accurately represented the commonwealth court's holdings in these two cases, his claim, nonetheless, fails. *Holloway*, unlike the present case, involves the claim of the violation of a specific constitutional right, and we reject the rationale of *Kisner* that Commonwealth Court had

original jurisdiction in a case not involving constitutional rights not limited by the department of corrections.

Even if Appellant had invoked the court's original jurisdiction by attempting to color the confiscation of his clothing as a violation of his protected constitutional property rights, his claim would fail. Prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens. As the *Robson* court observed, "incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Robson, supra* at 13 (citing *Price v. Johnston,* 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)). Unless "an inmate can identify a personal or property interest ... not limited by Department [of Corrections] regulations and which has been affected by a final decision of the department" the decision is not an adjudication subject to the court's review. *Lawson v. Commonwealth, Dept. of Corrections,* 114 Pa.Cmwlth. 573, 539 A.2d 69, 71 (1988).

Prison inmates do not have the right to possess civilian clothing. Indeed, department directives specify exactly what personal property may be possessed or purchased either in the prison commissary or through outside sources. *See* DC–ADM 815. In light of the limitations placed on inmate possession of personal property by the department, appellant's claim that his protected constitutional rights have been violated fails.

The order of the commonwealth court is affirmed.