Roger BUEHL, Craig Williams, Mumia Abu–Jamal, and Donald Tedford, Petitioners,

v.

Martin HORN, Commissioner, Pennsylvania Department of Corrections, and James Price, Superintendent, State Correctional Institution-Greene, and Ken Miller, G–Unit Manager, State Correctional Institution–Greene, Respondents.

Commonwealth Court of Pennsylvania.

Decided July 21, 2000.

Publication Ordered Oct. 4, 2000.

Robert A. Preate, Scranton, and Samuel C. Stretton, West Chester, for petitioners.

Raymond W. Dorian and Jill C. Fluck, Camp Hill, for respondents.

DOYLE, President Judge.

This case has had a long and fairly intricate procedural history, which we have previously summarized in an earlier reported opinion, *Buehl v. Horn*, 728 A.2d 973 (Pa.Cmwlth.1999) (*Buehl I*). As background for this opinion, suffice it to say that, in August of 1996, Roger Buehl and three other capital case inmates incarcerated in the G-unit at the State Correctional Institution at Greene (SCI–Greene), namely, Craig Williams, Mumia Abu–Jamal, and Donald Tedford, filed a Petition for Review challenging the decision of the Department of Corrections (DOC) to remove typewriters from the G-unit law library. According to Petitioners, DOC's decision to remove the typewriters restricted their access to court, violated their equal protection rights, and was a retaliatory action for a lawsuit filed earlier by them in the Federal District Court for the Western District of Pennsylvania, which also had challenged some conditions and practices at SCI–Greene. In addition, the inmates as-

serted that they were statutorily entitled to two hours of daily exercise,[1] and the DOC was impermissibly allowing them only one hour of exercise per day. *Id.* at 975.

Afterwards, a variety of pleadings was filed and, on February 3, 1999, this Court held, essentially, that Petitioners were only entitled to one hour of daily exercise and that, despite a suggestion of mootness filed by DOC, there still remained an open issue and a case or controversy.[2] We further explained that, although we could not grant DOC's suggestion of mootness,

> our Supreme Court's recent decision in *Bronson v. Central Office Review Committee*, 554 Pa. 317, 721 A.2d 357 (1998) may be instructive on the remaining legal issues involving the typewriters. However, as neither party presently has a motion for summary relief pending before the Court on the typewriter issue, we cannot further examine *Bronson*'s applicability to the present case.

*Buehl I* at 981.

Thereafter, the Commissioner of DOC, Martin Horn, and the other Commonwealth defendants, James Price and Ken Miller (collectively, Respondents), filed a Motion for Summary Relief in our original jurisdiction with a supporting brief, arguing that they were entitled to summary relief as a matter of law, that there were no genuine issues of material fact, and that a trial in this case would be futile. Specifically, Respondents asserted that this Court is without original jurisdiction to decide the instant matter and that there has been no violation of Petitioners' constitutional rights. Petitioners filed an Answer and Statement of Disputed Facts along with a brief in opposition to Re-

spondents' Motion for Summary Relief. Respondents then filed a reply brief and another Suggestion of Mootness.[3] Petitioners responded with an Answer to Respondents' second Suggestion of Mootness, and this case is now before us for disposition.

Respondents assert that summary relief is appropriate because: 1) this Court lacks original jurisdiction to decide this case, since the sole remaining claim does not concern the violation of a specific constitutional right, citing *Bronson;* 2), in the alternative, even if we have original jurisdiction, Petitioners have not shown a violation of a protected constitutional right; 3) Petitioners have no constitutional right to the use of any typewriters for the preparation of documents; 4) since Petitioner Buehl is no longer incarcerated at SCI–Greene, his complaints about the conditions there are moot; 5) since four typewriters have been returned to the mini-law-library for capital case inmates at SCI–Greene, Petitioners' access-to-typewriters claim is now moot; 6) the typewriters that had been in the library had been removed for legitimate penological reasons, not for any retaliatory reason; 7) the original removal of the typewriters was not violative of Petitioners' equal protection rights; and 8) a rational basis existed for the removal of the typewriters from the mini-law-library, since the typewriters were constantly destroyed and the broken pieces could be used for weapons.

As we explained in *Hennessey v. Pennsylvania Board of Pardons*, 655 A.2d 218 (Pa.Cmwlth.1995):

> In ruling on an application for summary relief, the court must view the

---

1. Section 1 of the Act of June 14, 1923, P.L. 775, *as amended*, 61 P.S. § 101.

2. The Department filed its suggestion of mootness on September 21, 1998, asserting that it had provided four functional typewriters in the G-unit law library. However, at a hearing on October 27, 1998, Petitioners' counsel stated that these typewriters were not functional. *Buehl I* at 981.

3. In Respondents' second Suggestion of Mootness, they allege that Petitioner Buehl was resentenced to three consecutive life sentences and that he was released to the general population at SCI–Pittsburgh (where he had previously been moved) on July 14, 1999. Respondents further allege that, because Buehl seeks only injunctive relief, not money damages, due to conditions in the capital case housing unit, this matter should be dismissed as moot with regard to Buehl.

evidence of record in the light most favorable to the nonmoving party and enter judgment only if there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law.

*Id.* at 219 (citations omitted). Despite Respondents' allegations of mootness, in order to finalize this litigation we prefer to reach the merits of the case and to decide conclusively whether summary relief is, or is not, appropriate. Because of our approach it will not be necessary, therefore, to address the mootness issues.

■ We first consider Respondents' argument that this Court does not have original jurisdiction under Section 761 of the Judicial Code, 42 Pa.C.S. § 761, to decide Petitioners' remaining claims. In *Bronson,* our Supreme Court considered the question of whether this Court has jurisdiction over inmate appeals from decisions of the Central Office Review Committee (CORC) under either our original or our appellate jurisdiction.[4] According to the history set forth by the Supreme Court, Inmate Bronson had apparently grieved the seizure of certain articles of civilian clothing through the CORC, which then denied his grievances. The Supreme Court held that this Court did not have appellate jurisdiction of the matter and stated that "[e]ven if Appellant had invoked the court's original jurisdiction by attempting to color the confiscation of his clothing as a violation of his protected constitutional property rights, his claim would fail." *Bronson,* 554 Pa. at 323, 721 A.2d at 359. The Supreme Court further explained that "[u]nless 'an inmate can identify a personal or property interest . . . not limited by Department [of Correc-

tions] regulations . . . which has been affected by a final decision of the department' the decision is not an adjudication subject to the court's review." *Id.* (Citation omitted.) As the Supreme Court explained, "[p]rison inmates do not have the right to possess civilian clothing" and departmental directives limit the possession and purchase of personal property. *Id.* at 323, 721 A.2d at 359–360.

In reaching its conclusions, the *Bronson* Court cited, *inter alia,* our earlier decision in *Kisner v. Department of Corrections,* 683 A.2d 353 (Pa.Cmwlth.1996), wherein this Court had held that the CORC performed state-wide policy-making functions as an "officer" of the commonwealth government pursuant to Section 761 of the Judicial Code and, therefore, the decisions of the CORC were subject to review in our original jurisdiction. *Bronson,* 554 Pa. at 322, 721 A.2d at 359.[5] The Supreme Court, however, specifically "reject[ed] the rationale of *Kisner* that [the] Commonwealth Court had original jurisdiction in a case not involving constitutional rights not limited by the department of corrections." *Id.* at 322–323, 721 A.2d at 359.

The result of the *Bronson* decision, of course, is that this Court must dismiss Petitioners' claims that the removal of the typewriters somehow violated their constitutional rights to equal protection, due process, and access to the courts.[6]

■ We conclude, first, that any denial of typewriters by Respondents is not actionable unless Petitioners allege an actual injury, *see Johnston v. Lehman,* 148 Pa.Cmwlth. 98, 609 A.2d 880, 883 (1992); and no actual injury has occurred here because Petitioners clearly had access to

---

4. Our appellate review, under Section 763 of the Judicial Code, 42 Pa.C.S. § 763, concerns "[d]irect appeals from government agencies[.]" We note that, in their petition for review, Petitioners asserted that they grieved the conditions at SCI–Greene "through the exclusive procedure available within the DOC, which procedure culminated in review by the Central Office Review Committee." (Petition for Review, para. 26.)

5. Inmate Kisner had grieved a complaint through the CORC that he was effectively denied parole because he was denied admission into a sex offender treatment program. We dismissed his complaint for failure to state a claim on which relief could be granted, since he was not denied admittance into that treatment program.

6. *See* PA. CONST., Art. I, §§ 1, 26.

the court system. Petitioners state that "all applicable rules of court clearly indicate that the judiciary **prefers and favors** typewritten legal documents" (petition for review, para. 21(c)) (emphasis added). However, the allegation simply does not alter the essential fact that Petitioners have properly *had* their say in this and other courts. Further, Petitioners' constitutional rights to due process and equal protection were not violated by the removal of the typewriters from the mini-law-library of SCI–Greene, since Petitioners had neither a personal nor a proprietary interest in those typewriters. Petitioners' attempt to translate the removal of the typewriters into an issue of unconstitutional deprivation of their rights to equal protection, due process, and access to the courts is no more than an unwieldy tool to convince us to see the law differently than it is.

■ As for Petitioners' claims of retaliation, this Court has said that "[w]hile ... decisions of prison officials regarding place and conditions of confinement are largely discretionary, we also recognize that a prisoner may properly state a claim under 42 U.S.C. § 1983, if such a discretionary decision was made by reason of a prisoner's exercise of his constitutional rights." *Johnston*, 609 A.2d at 884 (citing *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir.1979)). Although we observe that Petitioners' claim of retaliation would be properly within this Court's original jurisdiction under Section 1983 if they were seeking injunctive relief only,[7] we nonetheless dismiss Petitioners' claim because they have not shown that the removal of the typewriters would not have occurred "but for" the federal lawsuit which they filed. *See Johnston, id.; see also McDonald, id.* Succinctly stated, simply

making the allegation of retaliation does not establish a Section 1983 claim, if the typewriters were removed because they were broken, because their broken parts posed security concerns, and because the typewriters were removed for security reasons. Such removal was within legitimate Departmental discretion and, for the aforementioned reasons, summary judgment is appropriate. *See Johnston, id.; see also McDonald*, 610 F.2d at 19.

Accordingly, Respondents' Motion for Summary Relief is hereby granted and Petitioners' petition for review is hereby dismissed.

## ORDER

AND NOW, this 21st day of July, 2000, the Motion for Summary Relief filed by Respondents is hereby granted and the Petition for Review filed by Petitioners is hereby dismissed. Further, Respondents' Suggestion of Mootness is hereby denied.

---

7. Furthermore, even had we determined that a hearing on Petitioners' retaliation claims would have been appropriate, because Petitioners have argued that they are entitled to money damages in their petition for review, the case would have had to be transferred to an appropriate court of common pleas, which would have jurisdiction to try those issues.

*See Hill v. Department of Environmental Protection*, 545 Pa. 38, 679 A.2d 773 (1996); *Fawber v. Cohen*, 516 Pa. 352, 532 A.2d 429 (1987); *Balshy v. Rank*, 507 Pa. 384, 490 A.2d 415 (1985). Where Petitioners failed to prevail on the merits of their case, they of course could not receive injunctive or mandamus relief to the extent that they requested it.