CONCURRING OPINION BY
PRESIDENT JUDGE LEAVITT
I agree with the majority’s well-reasoned opinion.' Section 9718.1(b)(l)(ii) of the Sentencing Code[1] does not require completion of the Department’s sex offender treatment program in order to be placed on the list of inmates eligible for parole consideration by the Board of Probation ' and Parole. However, an inmate must “attend and participate” in a program before -the Department can certify him as ■ parole-eligible. 42 Pa. C.S. § 9718.1(a). Stodghill, who attended only a fraction of his scheduled classes and either slept or was disruptive while in attendance, did not satisfy Section 9718.1(b)(l)(ii). Thus, he cannot establish the clear right to., relief necessary for a writ of mandamus. >
I write separately to note that the Department’s refusal to certify Stodghill as eligible for parole will trigger his right to pursue a grievance. The administrative remedies available in state correctional institutions are set forth in the.Department’s *556 Grievance Policy and regulations. Specifically, Section 93.9 of the Department’s regulations establishes
an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of the Department.
37 Pa. Code § 93.9. According to the Commonwealth’s Inmate Grievance System Procedures Manual and the Department’s Inmate Handbook,
the inmate grievance process begins with the filing of a grievance with the Facility Grievance Coordinator.... ‘The [process] requires an inmate who has received an initial determination on his grievance to appeal to the Superintendent and, thereafter, seek final review with [the Department]. If the inmate fails to complete each of these steps, he fails to exhaust his administrative remedies.’ Kittrell v. Watson, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014).
Morgalo v. Gorniak, 134 A.3d 1139, 1150-51 (Pa. Cmwlth. 2016). Although a final decision on a grievance is not appealable to this Court, a prisoner may bring an action in this Court’s original jurisdiction if he alleges a violation of a protected constitutional right. Bronson v. Central Office Review Committee, 554 Pa. 317, 721 A.2d 357, 359 (1998).[2]
The Parole Board decides whether to grant or deny parole to a sex offender, and his meaningful participation in a program can be a factor in this decision. With this holding, we shift the review of participation in a sex offender program from the Parole Board to the Department, which may have consequences not intended by the Department. Every grievance triggers litigation, with multiple levels of administrative review that culminates in a decision that may trigger further litigation in this Court and, ultimately, the Pennsylvania Supreme Court on direct appeal. It may prove difficult for the Parole Board to ignore a decision by a Department hearing examiner or a court that has already examined a prisoner’s conduct for purposes of Section 9718.1.

. The Supreme Court explained that "[ujnless ‘an inmate can identify a personal or property interest ... not limited by Department [of Corrections] regulations and which has been affected by a final decision of the [D]epartment’ the decision is not an adjudication subject to the court's review.” Bronson, 721 A.2d at 359 (quoting Lawson v. Department of Corrections, 114 Pa.Cmwlth. 573, 539 A.2d 69, 71 (1988)).