IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gustavo Xavier,                          :
                    Petitioner           :
                                         :
          v.                             :  No. 331 M.D. 2016
                                         :  SUBMITTED: October 14, 2016
Pennsylvania Department                  :
of Corrections, et al.,                  :
                    Respondents          :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY                    FILED: February 8, 2017


          Before this court are the preliminary objections filed by the Department of Corrections (Department) to the petition for review (Petition) filed by Gustavo Xavier. We grant the Department's preliminary objections and dismiss Xavier's Petition.


          Xavier is an inmate at the State Correctional Institution at Albion (SCI-Albion). (Pet., ¶1.) Xavier alleges that on January 28, 2016, SCI-Albion's mailroom issued Xavier an inmate notification form, stating that 37 nude photographs and two nude flyers were being held pending review by the SCI-Albion Incoming Publication Review Committee (Committee). (*Id.* ¶ 4.) On that

same date, Xavier submitted Form DC-135A, Inmate Request to Staff Member (Inmate Request), to the mailroom supervisor. (*Id.* ¶5.) Xavier requested a courtesy review of the detained photographs and flyers. (*Id.*) A mailroom employee responded that "Even though they are non-nude, they are still <u>too</u> revealing." (*Id.* ¶6; Ex. B.) On February 2, 2016, the Committee informed Xavier that the 37 nude photographs and two flyers were viewed and found unacceptable "based on the criteria set forth in DC-ADM 803 'Inmate Mail and Incoming Publications' policy section 3.E.3." (*Id.* ¶7; Ex. C.)

On February 16, 2016, Xavier filed an inmate grievance, alleging that the photographs and flyers did not contain nudity and thus did not violate DC-ADM 803. (*Id.* ¶8; Ex. D.) On March 21, 2016, SCI-Albion's facility manager denied Xavier's grievance, concluding that the photographs and flyers were "considered nude." (*Id.* ¶9; Ex. E.) Thereafter, Xavier appealed to the Office of Policy, Grants, and Legislative Affairs. (*Id.*, ¶10; Ex. F.) On April 25, 2016, the Chief Grievance Officer determined that "all of the denied materials are in violation of D[epartment] policy DC-ADM 803 due to showing genital and/or vaginal areas. Some of the materials have been altered in an attempt to cover up the areas." (*Id.* ¶11; Ex. G.)

On June 11, 2016, Xavier filed the Petition against the Department and seven individuals. (*Id.* ¶2.) Xavier claims that the photographs and flyers do not violate DC-ADM 803 because "all prohibited nudity has been removed or concealed by fully opaque coverings prior to printing." (*Id.* ¶12.) He further claims that SCI-Albion personnel do not adhere to the language of DC-ADM 803,

but impose their own "benchmarks of morality" in determining whether incoming materials comply with Department policy. (*Id*. ¶13.) Finally, Xavier claims that the Department's policy, in which it reviews and denies access to photographs without allowing the inmate or court to review the photographs, violates due process. (*Id*. ¶¶14-16).

In its preliminary objections,[1] the Department initially contends that all of the respondents except for the Department should be dismissed for lack of jurisdiction because Xavier failed to serve them in accordance with Pa. R.A.P. 1514(c).[2] Here, Xavier served the Department and admits that he failed to serve the seven individuals listed in paragraph two of his Petition. Accordingly, those individual respondents are dismissed from the case.

Next, the Department claims that the Petition should be dismissed for lack of jurisdiction because Xavier is challenging internal prison proceedings. Xavier is requesting review of the Department's internal administrative review of the regulation of inmate property, i.e., the denial of arguably nude photographs and flyers. Xavier challenged the denial of the mailings through the Department's grievance system.

---

[1] In ruling on preliminary objections in the nature of a demurrer, we must accept as true all well pled facts, which are relevant and material, as well as all inferences reasonably deducible therefrom. *Weaver v. Pennsylvania Department of Corrections*, 829 A.2d 750 (Pa. Cmwlth. 2003). This Court will sustain preliminary objections only when they are free and clear from doubt. *McGriff v. Pennsylvania Board of Probation and Parole*, 809 A.2d 455, 458 (Pa. Cmwlth. 2002).

[2] Pa. R.A.P. 1514(c) requires service by certified mail upon all respondents.

This Court lacks appellate jurisdiction over inmate appeals of decisions by intra-prison tribunals because the tribunals' decisions are not "final orders of government agencies." 42 Pa. C.S. § 763; *see Bronson v. Central Office Review Committee*, 721 A.2d 357, 359 (Pa. 1998).

Thus, Xavier invokes our original jurisdiction via 42 Pa. C.S. § 761. However, this Court lacks original jurisdiction in matters involving internal prison proceedings, such as grievance decisions of the Committee, "[u]nless 'an inmate can identify a personal or property interest . . . not limited by Department [of Corrections] regulations and which has been affected by a final decision of the [D]epartment.'" *Bronson*, 721 A.2d at 359 (citation omitted).

Here, the Department regulations limit an inmate's right to send or receive correspondence that contains obscene material while incarcerated. DC-ADM 803. In *Brittain v. Beard*, 974 A.2d 479 (Pa. 2009), prison officials withheld the delivery of Playboy magazine to inmates, finding it violated DC-ADM 803. Our Supreme Court determined that prison administrators are owed substantial deference to their professional judgment regarding policies that serve legitimate goals of the correctional system, and upheld the Department's policy prohibiting prisoners from possessing obscene material. *Brittain*, 974 A.2d at 485-86.

Further, the Department's regulations as codified at 37 Pa. Code § 93.2(g), provide that incoming publications containing obscene material may not be received by inmates. This Court upheld those regulations in *Payne v. Commonwealth, Department of Corrections*, 813 A.2d 918 (Pa. Cmwlth. 2002).

4

The Code further provides for the Committee to make the determination on what materials may be received. 37 Pa. Code § 93.2(g). Thus, because this is an internal operating procedure and the Department has placed limitations on the material inmates can receive, this Court does not have original jurisdiction.[3] *See Bronson*, 721 A.2d at 359-60.

          Accordingly, we sustain the Department's preliminary objections and dismiss Xavier's Petition.

_____<br>
JULIA K. HEARTHWAY, Judge

Judge Cosgrove dissents.

---

[3] We do not address the Department's or Xavier's remaining issues because we lack jurisdiction over the matter.

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gustavo Xavier,                :
         Petitioner       :
                           :
       v.               :  No. 331 M.D. 2016
                           :
Pennsylvania Department    :
of Corrections, et al.,       :
         Respondents   :

O R D E R

AND NOW, this 8th day of February, 2017, the preliminary objections filed by the Pennsylvania Department of Corrections are sustained, and Gustavo Xavier's petition for review is dismissed.

_____
JULIA K. HEARTHWAY, Judge