# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel Merced-Castellano,                :
                                        :
                    Petitioner          :
                                        :
            v.                          : No. 707 M.D. 2019
                                        : Submitted: September 11, 2020
Pennsylvania Department                 :
of Corrections:  John E. Wetzel         :
(Secretary of Corrections), Dorina      :
Varner (Chief Grievance Officer),       :
Michael R. Clark (Facility Manager,     :
SCI-Albion), Paul Ennis (Deputy         :
Superintendent, SCI-Albion), Laura      :
Giles (I/M Employment, SCI-Albion),     :
                                        :
                    Respondents         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  July 19, 2021


           Before the Court are the preliminary objections of the Pennsylvania
Department of Corrections (Department); John E. Wetzel, Secretary of Corrections;
Dorina Varner, Chief Grievance Officer; Michael R. Clark, Facility Manager, State
Correctional Institution at Albion (SCI-Albion); Paul Ennis, Deputy Superintendent,
SCI-Albion; and Laura Giles, I/M Employment, SCI-Albion (collectively,
Respondents) to the petition for review filed in our original jurisdiction by Joel

Merced-Castellano (Inmate) seeking declaratory and injunctive relief with respect to Inmate's removal from his employment as a legal aide at SCI-Albion in violation of his due process rights and property interests. We dismiss the petition for review, and we dismiss the preliminary objections as moot.

On December 27, 2019, Inmate filed the petition for review in which he alleged, in relevant part, that he was removed from his inmate job as a legal aide in the prison library because of a security breach in the library's computers. Petition for Review ¶¶4, 6. He asserts that in the course of the grievance process, the Department admitted that "it could not be determined who was responsible for the breach in the library," and that he was not identified as a security risk. *Id.* ¶6(b). He contends that Department officials cited "'security concerns'" as the basis for his removal even though he was "'not identified as a security risk.'" *Id.* As a result, he submits that the Department erred in removing him from his position and erred in failing to afford him "a proper hearing to present evidence, witnesses or the opportunity to tell his story, thus violating [his] right to due process[.]" *Id.* ¶6(a), (b).

Inmate also claims that only the four legal aides were removed "out of about a dozen inmate employees," who all had access to the same breached computers, and that he was the only aide removed "without any legitimate citation of [a Department] policy" or a legitimate penological interest. Petition for Review ¶6(c), Exhibit A-3. He contends that the Department "failed to involve the proper authorities to investigate the incident" and, as a result, his removal "from his employment was nothing more than an exaggerated response[.]" *Id.* ¶6(c). Finally, Inmate asserts that the Department erred in its interpretation of its policy DC-ADM 816, "which states that inmates do not have a right to a job," because "[w]hile

2

inmates may not have a right to employment, when given employment they receive pay for work done at that employment which means that it has a monetary value to the inmate, thus creating a property interest for that inmate," and that the Department's "taking the inmates['] employment without proper venue or legitimate interest . . . blatantly tramples on the inmates['] right to due process." *Id.* ¶6(d). Accordingly, Inmate asks this Court to declare that his rights were violated and order the Department to reinstate him to his former legal aide position. *Id.* at 3. On March 5, 2020, the Department filed preliminary objections in the nature of a demurrer to the petition for review asserting, *inter alia*, that Inmate's petition for review fails to state a claim for which this Court may grant relief.

However, we are without jurisdiction to consider the merits of the claims that Inmate raises in his petition for review. As the Pennsylvania Supreme Court has recently explained:

> [P]er this Court's decision in *Bronson v. Central Office Review Committee*, [721 A.2d 357 (Pa. 1998)], . . . the Commonwealth Court lacks original jurisdiction to entertain a prisoner's due process challenge to the actions of prison officials, where the inmate fails to assert a constitutionally [] protected liberty or property interest. *See id.* at [359-60]; *cf. Sandin v. Conner*, 515 U.S. 472, 484-85 [(1995)] (explaining that due process protections are implicated only with reference to actions by prison officials that "impose[] atypical and significant hardship on the inmate in relation to ordinary incidents of prison life," and that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law"). Furthermore, the cases are legion confirming that inmates have no constitutionally [] protected interest in maintaining prison employment. *See, e.g.*, *Bush v. Veach*, 1 A.3d 981, 984 (Pa. Cmwlth. 2010).
> Although the Department has not identified the above defect, a jurisdictional impediment to judicial

3

review may be raised by the appellate courts of their own accord. *See, e.g.*, [*Department of Environmental Protection*] *v. Cromwell* [*Township*], *Huntingdon* [*County*], [32 A.3d 639, 646 (Pa. 2011)] ("The question whether a court has jurisdiction . . . may be raised at any time in the course of the proceedings, including by a reviewing court sua sponte."); *Fenati v.* [*Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 56 M.D. 2017, filed November 21, 2017), slip op. at 5] (holding, *sua sponte*, that the Commonwealth Court lacked jurisdiction over prisoner litigation, per *Bronson*).

[] *Accord* 2 RIGHTS OF PRISONERS §8.6 (5th ed. 2019) ("The general rule continues to be that removal from a job assignment is deemed to be an administrative matter with which courts are loath to interfere[.]" (footnote omitted)).

*Williams v. Wetzel*, 232 A.3d 652, 653-54 (Pa. 2020) (footnotes omitted). Because Inmate has no actionable property interest in his continued employment as a legal aide, we are without original jurisdiction to entertain the instant petition for review in which his claims are based on a purported violation of this property interest or his due process rights in this regard. *Id.*; *see also Flynn v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 512 M.D. 2019, filed September 3, 2020), slip op. at 9, wherein we stated:

"The general rule continues to be that removal from a job assignment is deemed to be an administrative matter with which courts are loath to interfere." "Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." Petitioner asserts that his due process rights were violated because the facility utilized DC-ADM 816, as opposed to 37 Pa. Code §93.10, to remove him from his kitchen work assignment. However, because [p]etitioner does not have a liberty or property interest in his kitchen work, this Court lacks jurisdiction to review the Petition.

(Citations omitted).[1]

Accordingly, the petition for review is dismissed.[2]

_____

MICHAEL H. WOJCIK, Judge

---

[1] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

[2] Based on our disposition, Respondents' preliminary objections are dismissed as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel Merced-Castellano,    :
            :
     Petitioner  :
            :
   v.       : No. 707 M.D. 2019
            :
Pennsylvania Department   :
of Corrections:  John E. Wetzel :
(Secretary of Corrections), Dorina :
Varner (Chief Grievance Officer), :
Michael R. Clark (Facility Manager, :
SCI-Albion), Paul Ennis (Deputy :
Superintendent, SCI-Albion), Laura :
Giles (I/M Employment, SCI-Albion), :
            :
     Respondents :

# **O R D E R**

AND NOW, this 19th day of July, 2021, the Petition for Review filed by Joel Merced-Castellano in the above-captioned matter is DISMISSED.  The preliminary objections filed by the Respondents are DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge