# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,                        :
                          Petitioner    :
                                        :
          v.                            :   No.  201 M.D. 2021
                                        :   SUBMITTED:  March 25, 2022
Department of Corrections,              :
                          Respondent    :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  September 19, 2022**

Now before the Court are the preliminary objections of the Department of Corrections to Petitioner Shawn Freemore's petition for review in this Court's original jurisdiction challenging the State Correctional Institution at Houtzdale's (SCI-Houtzdale) confiscation of a publication, "Heavy Metal Magazine, # 303, Savage Circus."[1]  We sustain the Department's preliminary objections because we lack jurisdiction over this matter.

The facts as pled in the petition for review, along with accompanying exhibits, are as follows.  Petitioner is an inmate currently incarcerated at SCI-Houtzdale.  In March 2021 he received a notice of an incoming publication denial for the magazine from the Department, which stated that it violated the criteria set

---

[1] "Savage Circus" appears to be a comic strip being serialized in Heavy Metal Magazine. [*See* Petition for Review ¶ 4 and Ex. E (showing an excerpt from a previous issue).]

forth in Policy DC-ADM 803 "Inmate Mail and Incoming Publications Manual," Section 2, subsection E.1,[2] because of "obscene material, explicit sexual material or nudity" on pages 140-144, with a brief description set forth as "[i]ntended to

---

[2] The relevant portion of DC-ADM 803, which involves more than subsection E.1, can be summarized as follows. "Any item that has been determined to be contraband as defined by 18 [Pa.C.S.] § 5123 [] [(relating to contraband)], shall be seized by the [Security Processing Center] . . . ." (Dep't Prelim. Objs. at Ex. 1, DC-ADM 803, § 2.E.1.a(1).) "Receipt of . . . any publication . . . may be disapproved when [it] . . . contains nudity, explicit sexual materials, or obscene material . . . ." (*Id.* at § 2.E.1.a.(2).) Several of the terms are defined by the policy. "Contraband" is defined, in relevant part, as "an item an inmate is prohibited from possessing . . . ." (*Id.* at Glossary of Terms.) "Nudity" is defined, in relevant part, as "the showing of the human male or female genitals, pubic area, or anus with less than a fully opaque covering or the showing of the female nipple with less than a fully opaque covering, or the depiction of covered male genitals in a discernable turgid state." (*Id.*) "Explicit sexual material" is defined, in relevant part, as

> [a]ny . . . magazine . . . of the following: (1) sexual conduct, which means acts of . . . sexual intercourse . . . or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks or, if the person is a female, breast; (2) sadomasochistic abuse, which means . . . torture by or upon a person clad in undergarments, a mask or bizarre costume, or the condition of being . . . bound[] or otherwise physically restrained on the part of one so clothed; [and] (3) sexual excitement, which means the condition of the human male . . . genitals when in a state of . . . arousal.

(*Id.*) "Obscene material" is defined, in relevant part, as

> [a]ny . . . magazine . . . if one of the following applies:
>
> 1. an average person applying contemporary community standards would find that the subject matter taken as a whole appeals to the prurient interest; and
>
> 2. the subject matter depicts or describes in a patently offensive way[:] . . . (c) in a sexual context, flagellation or torture upon a nude person or one clad only in undergarments, a mask or bizarre costume or fettered, bound or otherwise restrained, and/or (d) lewd exhibition of the genitals.

(*Id.*)

2

create sexual arousal—nude characters in sexual acts, bound, and sexually mutilated & one displays his erect penis." (Petition for Review "PFR" at Ex. A.) Petitioner made a request that he be allowed to review the magazine so that he might prepare an appeal/grievance, which was denied.

Petitioner filed an official inmate grievance and the facility manager upheld the decision to confiscate the magazine. Petitioner then filed an appeal to final review, which was denied by the Department's Chief Grievance Officer because the magazine "displays full frontal nudity and sexually explicit material" in violation of the above-referenced policy. (PFR at Ex. D.)

In his petition for review, Petitioner raises the following claims: first, that the Department failed to abide by its regulations and the referenced policy and, second, that the Department violated Petitioner's rights under the First, Ninth, and Fourteenth Amendments to the United States Constitution, U.S. Const. I, IX, and XIV.[3]

The Department raises two preliminary objections, the first to the Court's jurisdiction with regard to Petitioner's seeking review of the Department's determination of his grievance and a second in the nature of a demurrer to Petitioner's constitutional claim. With respect to the issue of jurisdiction, Petitioner responds that the Court has jurisdiction over his claim because it is brought in our original jurisdiction. With respect to his First Amendment claim, Petitioner denies that the magazine is pornographic and that its confiscation is inconsistent with the Department's stated penological interests.

This case is directly controlled by *Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374 (Pa. Cmwlth. 2017), wherein we rejected virtually

---

[3] We have paraphrased the claims for the sake of concision and clarity.

3

identical First Amendment and due process claims. Specifically, we held that we lack both appellate and original jurisdiction to review final decisions resulting from the Department's inmate grievance process, citing *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-60 (Pa. 1998). Although the petitioners in both *Shore* and the present case argue that because they claim the grievance process violated constitutional rights we have jurisdiction over the original jurisdiction action, our case law is to the contrary. In *Bronson,* our Supreme Court explained:

> Even if [the petitioner] had invoked the [Commonwealth] [C]ourt's original jurisdiction by attempting to color the confiscation . . . a violation of his protected constitutional property rights, his claim would fail. Prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens . . . . Unless "an inmate can identify a personal or property interest . . . not limited by Department [of Corrections] regulations and which has been affected by a final decision of the [D]epartment" the decision is not an adjudication subject to the court's review.

*Bronson*, 721 A.2d at 359-60 [quoting *Lawson v. Dep't of Corrs.*, 539 A.2d 69, 71 (Pa. Cmwlth. 1988)]. Here, the property interest claimed by Petitioner is clearly one that is limited by Department regulations, which have been held to withstand First Amendment scrutiny. *Brittain v. Beard*, 974 A.2d 479, 488 (Pa. 2009); *Smith v. Beard*, 26 A.3d 551, 558-59 (Pa. Cmwlth. 2011).

We note further that in *Xavier v. Department of Corrections* (Pa. Cmwlth., No. 331 M.D. 2016, filed February 8, 2017) (unreported)—relied upon and quoted for persuasive value in *Shore*—a petitioner sought review in our original jurisdiction of the Chief Grievance Officer's determination that confiscated photographs and flyers contained nudity on grounds that the

4

Department had violated the First Amendment and did not adhere to the language of DC-ADM 803 because the material did not actually contain nudity. *Xavier*, slip op. at 2. In *Shore*, we noted as an initial matter that under *Bronson*, we lacked appellate jurisdiction to review the petitioner's claims. We further concluded in *Shore* that we lacked original jurisdiction over the matter because

> [h]ere, the Department regulations limit an inmate's right to send or receive correspondence that contains obscene material while incarcerated. DC–ADM 803. In *Brittain* . . . [the] Supreme Court determined that prison administrators are owed substantial deference to their professional judgment regarding policies that serve legitimate goals of the correctional system, and upheld the Department's policy prohibiting prisoners from possessing obscene material.
>
> Further, the Department's regulations as codified at 37 Pa. Code § 93.2(g), provide that incoming publications containing obscene material may not be received by inmates. This Court upheld those regulations in *Payne v. [] Department of Corrections*, 813 A.2d 918 (Pa. Cmwlth. 2002) . . . . Thus, because this is an internal operating procedure and the Department has placed limitations on the material inmates can receive, this Court does not have original jurisdiction.

*Shore*, 168 A.3d at 382 (quoting *Xavier*, slip op. at 4-5).

Because the law is clear that we lack authority to review Petitioner's claims, we sustain the Department's preliminary objection asserting a lack of jurisdiction.[4]

---

[4] Because we dismiss for lack of jurisdiction, we do not reach the Department's preliminary objection in the nature of a demurrer.

**(Footnote continued on next page…)**

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

_____

We have considered Petitioner's assertion, raised in his brief, that we "lack jurisdiction" to review the Department's preliminary objections, (Petitioner's Brief in Opposition to Preliminary Objections at 6), because he did not timely receive them. Pennsylvania Rule of Appellate Procedure 121(c)(1) provides that "[s]ervice may be . . . (1) by personal service, which includes delivery of the copy to a clerk or other responsible person at the office of the person serviced, but does not include inter-office mail." Pa. R.A.P. 121(c)(1). The original proof of service submitted by the Department indicates that its attorney personally served Petitioner at the address listed on the service of process submitted on July 21, 2021, in compliance with our *per curiam* order of July 16, 2021, directing the Department to serve its answer or other pleading to the Petition for Review. Upon Petitioner's filing of a "Notice to the Court of Misconduct" arising from his non-receipt of the preliminary objections, on October 26, 2021, we directed the Department to re-serve the preliminary objections on Petitioner and file proof of service within 14 days of the order. The Department complied. Thus, we see no merit in this argument.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,                              :
                          Petitioner          :
                                              :
              v.                              :   No.  201 M.D. 2021
                                              :
Department of Corrections,                    :
                          Respondent          :


# **O R D E R**


AND NOW, this 19th day of September, 2022, Respondent Department of Corrections' Preliminary Objections are SUSTAINED and Petitioner Shawn Freemore's Petition for Review is DISMISSED.


_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita