IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Anderson,                          :
                          Petitioner       :
                                          :
          v.                              :
                                          :
Pennsylvania Department                    :
of Corrections,                           :   No. 68 M.D. 2023
                          Respondent       :   Submitted: September 11, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                          FILED: October 29, 2024


          Walter Anderson (Anderson), an inmate at the State Correctional
Institution at Frackville (SCI-Frackville), petitions for review of the denial by the
Pennsylvania Department of Corrections (DOC) of his request to have his driver's
license, social security card, and COVID-19 vaccination card sent to his wife.
Presently before this Court for disposition are preliminary objections filed by the
DOC challenging this Court's jurisdiction and demurring to the petition for review
(Petition). We sustain the DOC's preliminary objection challenging jurisdiction and
dismiss the Petition. We dismiss the DOC's demurrer as moot.

# I. Background

Anderson is serving a life sentence without parole. Pet. for Rev., ¶ 8. In 2022, he applied for a new driver's license and social security card. *Id.*, ¶ 5. When those documents arrived at SCI-Frackville, DOC personnel retained them in the prison's business office as required by DOC Policy 7.3.1.[1] Pet. for Rev., ¶¶ 4, 6 & 7 & Ex. C at 3. The business office also retained Anderson's COVID-19 vaccination card. Pet. for Rev., ¶ 4. Anderson asserts that his wife has his durable power of attorney and that he needs all three documents to be sent to her in connection with plans to raise funds for his legal representation. *Id.*, ¶¶ 9, 15-17 & Ex. B. Anderson does not explain why he believes his wife needs the documents in order to raise funds.

Anderson filed a grievance concerning SCI-Frackville's retention of the documents. Pet. for Rev., Ex. C at 1. The grievance was denied, and Anderson

---

[1] The retention policy provides, in pertinent part, that "[t]he birth certificate, duplicate [social security card, and] the [Pennsylvania] Driver's License or Non- Driver's Photo ID card . . . will be retained in the Business Office until the inmate is released." Pet. for Rev., Ex. C at 3 (Initial Review Response, Sept. 9, 2022, quoting DOC Policy Statement, Policy No. 7.3.1, Section 5, Reentry and Transition Procedures Manual, Appendix 5A-10, Section E., Retention, Sept. 1, 2017).

Further, as the DOC observes in its brief,

> DC-ADM 803 provides, in relevant part, that "[a]n inmate may not retain official government-issued documents such as a driver's license, birth certificate, social security card, welfare card, medical card, etc. Such documentation should be sent to the business [o]fficer where the inmate is house[d] . . . ." DC-ADM 803, § 1(A)(5)(e).

DOC Br. at 7-8; *see also* DOC Policy Statement, Policy No. 803, Aug. 10, 2020. Policy No. 803 is available at https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last visited October 28, 2024). Although Anderson asserts that Policy 7.3.1 is inapplicable to him because it relates to inmate reentry and transition back into society after prison release, that argument is unavailing, inasmuch as Policy No. 803 applies in any event.

2

exhausted all appeals provided in the DOC's grievance disposition process. *Id.*, Ex. C. In one of SCI-Frackville's responses to Anderson's appeals, he was specifically informed that he could pay a copy fee and provide a stamped addressed envelope, and the business office would send his wife photocopies of the documents. Facility Manager's Appeal Response, Oct. 5, 2022, *id.*, Ex. C at 5. The pleadings do not indicate whether Anderson pursued this course of action. He does not state whether or why copies of the documents would be insufficient substitutes for the originals.

After exhausting his appeals in the internal grievance process, Anderson filed the Petition in this Court. He seeks an order to compel transmittal of his original documents to his wife. Pet. for Rev., ¶ 19.

The DOC filed preliminary objections to the Petition, asserting that this Court lacks jurisdiction and demurring to the Petition.

## II. Discussion

The Petition is docketed in this Court's original jurisdiction.[2] Section 761(a)(1) of the Judicial Code generally confers original jurisdiction on this Court over actions "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity . . . ." 42 Pa.C.S. § 761(a)(1). However, that jurisdiction is not unlimited. Our Supreme Court has held that this Court "lacks

_____

[2] Anderson initially averred in the Petition that this Court has appellate jurisdiction over his claim, but in his brief opposing the DOC's preliminary objections, Anderson asserted that this Court has original jurisdiction. Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. §§ 101-9914, generally confers appellate jurisdiction on this Court over appeals from final orders of government agencies. 42 Pa.C.S. § 763(a)(1). However, in *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998), our Supreme Court held that "the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa.C.S. § 763, over inmate appeals of decisions by intra-prison disciplinary tribunals." *Id.* at 359. Accordingly, Anderson's "only . . . route to the [C]ourt would be via its original jurisdiction . . . ." *Id.* Anderson correctly recognizes this Court's lack of appellate jurisdiction here.

original jurisdiction to entertain a prisoner's due process challenge to the actions of prison officials, where the inmate fails to assert a constitutionally-protected liberty or property interest." *Williams v. Wetzel*, 232 A.3d 652, 653 (Pa. 2020).

Here, Anderson alleges that prison officials showed "clear indifference to [his] rights . . . ." Pet. for Rev., ¶ 18. However, Anderson acknowledges in the Petition that his original documents are being retained in the business office at SCI-Frackville pursuant to an express DOC directive, Policy 7.3.1. Thus, Anderson is subject to a limitation by the DOC on his possession of personal property.

As this Court has previously explained,

> prison officials must be accorded wide ranging deference on the adoption and execution of policies and practices that in their judgment are necessary to preserve internal order and to maintain institutional security. In the absence of substantial evidence in the record to indicate that the officials have exaggerated the response to these considerations, the Court should defer to their expert judgment in such matters.

*Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980). Anderson has not alleged that SCI-Frackville officials have exaggerated their response to security considerations in applying DOC regulations requiring their retention of his original documents. Therefore, he has not asserted a constitutionally-protected property interest that is not limited by DOC regulations. Accordingly, we conclude that we lack jurisdiction over Anderson's claim.

### III. Conclusion

Based on the foregoing discussion, the DOC's preliminary objection asserting lack of jurisdiction is sustained, the Petition is dismissed for lack of jurisdiction, and the DOC's demurrer is dismissed as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Anderson,                          :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Pennsylvania Department of                :
Corrections,                              :          No. 68 M.D. 2023
                    Respondent            :

# **O R D E R**

AND NOW, this 29th day of October, 2024, the preliminary objection of the Pennsylvania Department of Corrections (DOC) to the petition for review (Petition) filed by Walter Anderson is SUSTAINED.  The Petition is DISMISSED for lack of jurisdiction.  The DOC's preliminary objection in the nature of a demurrer to the Petition is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Anderson, : 
                  Petitioner : 
                       : 
            v. : No. 68 M.D. 2023
                       : Submitted: September 11, 2024
Pennsylvania Department of : 
Corrections, : 
                  Respondent : 


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE STACY WALLACE, Judge


**OPINION NOT REPORTED**


**CONCURRING OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**         **FILED: October 29, 2024**


As I have recently discussed in *Gentilquore v. Pennsylvania Department of Corrections*, ___ A.3d ___ (Pa. Cmwlth., No. 45 M.D. 2021, filed October 29, 2024) (Cohn Jubelirer, P.J., concurring), I believe disputes like this, involving the Pennsylvania Department of Corrections (Department), should be in this Court's original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761, in which the Court would determine whether Walter Anderson failed to state a claim. Under these facts, I would find that he did not state a claim. However, I contend, the courts, including the Pennsylvania Supreme Court, have conflated subject matter

jurisdiction with an inmate's failure to state a claim, two separate and distinct legal concepts, and in doing so, created an "inmate exception" to this Court's original jurisdiction. Thus, until the Supreme Court reexamines its precedent, I am constrained to concur with the majority's reasoning.

Under any other circumstance, this Court would have jurisdiction over Anderson's claims against the Department. It plainly falls within this Court's original jurisdiction as set forth in Section 761(a) of the Judicial Code as an action "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity," and does not fall under any of the statutorily enumerated exceptions. 42 Pa.C.S. § 761(a). However, as described more fully in my concurring opinion in *Gentilquore*, another exception to this Court's original jurisdiction has been judicially created, which applies only to inmates. *Gentilquore*, __ A.3d at __, slip op. at 9-14.

If the petitioner in this case was anyone other than an inmate, we would sustain the Department's demurrer, as Anderson has failed to state a cognizable claim. While sustaining either preliminary objection in this case results in dismissal, I have several concerns with basing the dismissal on lack of jurisdiction. In general, these concerns include that judicially creating an exception to the Court's jurisdiction appears to be judicial legislation; it is disfavored for courts to sua sponte raise an issue that is not truly jurisdictional; there is no analytical framework to determine when the "inmate exception" applies; and I disagree that the courts should treat inmates unlike any other similarly situated litigant, all of which I explain in more detail in *Gentilquore*, __ A.3d at __, slip op. at 14-18. Based upon the Supreme Court's decisions in *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998), and *Williams v. Wetzel*, 232 A.3d 652 (Pa. 2020), I cannot dispute that,

RCJ-2

because Anderson is an inmate, our original jurisdiction does not extend to this dispute, even though it involves the Department. I therefore am constrained to concur.

_____
**RENÉE COHN JUBELIRER,** President Judge

Judge Wallace joins.